# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| **GEORGE HUBERT SIMPSON** | ) | |
| | ) | |
| **v.** | ) | **NO. 2:02-CR-71** |
| | ) | **NO. 2:03-CR-98** |
| | ) | **NO. 2:09-CV-263** |
| | ) | **Judge Greer** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |

## MEMORANDUM OPINION

It is hereby **ORDERED** that George Hubert Simpson's ( Simpson) motions to expedite action on his "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" are **GRANTED IN PART** to the extent that the Court will address his motion in regard to Count 10 only. [Docs. 425 and 429]. In its response to the issue of whether Count 10 charged a cognizable federal offense over which this Court had subject matter jurisdiction, the United States has stated that it has no objection to the Court vacating the conviction of Simpson on Count 10 of the indictment in NO. 2:02-CR-71 and setting aside Simpson's three-hundred (300) month consecutive sentence imposed on that count. [Doc. 403]. *See United States v. Combs*, 369 F.3d 925 (6th Cir. 2004).

## I. Procedural Background

Simpson was indicted by the federal grand jury on July 23, 2002, along with co-defendants Allen M. Ajan and Vance Bowers in NO. 2:02-CR-71. Simpson was charged in Count 1 with conspiracy to distribute and possess with the intent to distribute five grams or more of methamphetamine, in Count 2 with conspiracy to distribute and possess with the intent to distribute a quantity of methamphetamine (lesser included offense of Count 1), in Count 5 with possessing a firearm in furtherance of a drug trafficking offense, in Count 7 with brandishing a firearm during and in relation to a drug trafficking offense, in Count 8 with conspiracy to commit kidnaping, in Count 9 with aiding and abetting kidnaping and in Count 10 with aiding and abetting possession of a firearm in furtherance of kidnaping, a crime of violence. [Doc. 1]. On December 19, 2002, a jury found Simpson guilty of Counts 2, 7, 9 and 10 and not guilty as to Counts 1, 5 and 8. [Doc. 155].

On March 24, 2003, Simpson was sentenced to concurrent terms of imprisonment of 97 months on Counts 2 and 9, to a statutory mandatory consecutive term of 84 months on Count 7, and a second statutory mandatory consecutive sentence of 300 months on the § 924(c) conviction in regard to Count 10, for a total effective sentence of 481 months imprisonment in No. 2:02-CR-71. [Doc. 192].

Subsequently, Simpson was transported to the Sullivan County Jail to dispose of state criminal charges. In the early morning hours of October 28, 2003, Simpson and six other prisoners escaped from the jail. On November 1, 2003, Simpson was found hiding in a hayloft in Big Stone Gap, Virginia, and he was arrested by United States Marshals. He was indicted for escape in No. 2:03-CR-98 on November 18, 2003.

Simpson's convictions and sentence in No. 2:02-CR-71 were affirmed on direct appeal by the Sixth Circuit Court of Appeals on December 15, 2004. *United States v. Simpson*, 116 F. Appx. 736 (6th Cir. 2004). Petitioner then filed a petition for writ of *certiorari* in the United States Supreme Court, which the Court granted on February 28, 2005. The judgment was vacated and the case remanded for the limited purpose of " further consideration in light of *United States v. Booker*." *Simpson v. United States*, 543 U.S. 1182 (2005).

On December 13, 2005, Simpson pled guilty to the escape charge in No. 2:03-CR-98. Upon remand of No. 2:02-CR-71, on January 22, 2007, Simpson was re-sentenced to concurrent terms of imprisonment of 48 months on Counts 2 and 9, to a consecutive term of 84 months on Count 7, to a consecutive sentence of 300 months on Count 10, and in the escape case he was sentenced to an 18 month consecutive sentence for a total effective sentence in both cases of 450 months. [Doc. 291].

Simpson appealed and his conviction and sentence were affirmed on November 4, 2008. *United States v. Simspon*, 546 F. 3d 394 (6th Cir.2008). His petition for a writ of *certiorari* to the Supreme Court was denied on April 20, 2009. *Simpson v. United States*, __ U.S. __, 129 S. Ct. 2038, 173 L.Ed. 2d 1123 (2009).

II. **Analysis**

Count Ten of the indictment charged Simpson with a violation of Title 18 U.S.C. § 924(c)(1), as follows:

> The Grand Jury charges that on or about December 9, 2000, in the Eastern District of Tennessee, and elsewhere, the defendants, Allen Mark Ajan, George Hubert Simpson, and Vance Bowers, aided and abetted by each other, did knowingly and intentionally possess a firearm, during and in relation to a crime of violence, to wit: The

3

kidnaping of Earnest White, Ricky Howe, and Curtis McDavid.

Section 924(c)(1) makes it a crime offense for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." 18 U.S.C. § 924(c)(1)(A).

In *Combs*, the defendant was charged and convicted of two § 924(c) violations. One of the counts charged Combs with possession of firearms "in furtherance of a drug trafficking crime" and the other charged that Combs possessed a firearm "during and in relation to a drug trafficking crime." In reversing both convictions, the Sixth Circuit held that § 924(c) criminalizes two distinct offenses–"(1) *using or carrying* a firearm *during and in relation to* a drug trafficking crime, and (2) *possessing* a firearm *in furtherance of* a drug trafficking crime." *Combs*, 369 F.3d at 931.

The indictment in this case, as in *Combs*, charged the defendant with possessing a firearm, during and in relation to, a crime of violence, utilizing one element from each of the two distinct § 924(c) offenses. This, as the Sixth Circuit found, resulted in the defendant not being charged "with *any* codified federal crime." Thus, had Simpson or his co-defendants raised this issue on direct appeal, the claim would have resulted, as it did in *Combs*, with reversal and remand for a new trial on the § 924(c) charge.

Because the United States has conceded that this issue in regard to Count 10 is well-taken for the reason that the Court lacked subject matter jurisdiction to try Simpson for an alleged violation of the law which is not a cognizable federal offense, this Court will vacate Simpson's conviction and sentence in regard to Count Ten.

## V. Conclusion

For the reasons set forth herein, Simpson's conviction and sentence (mandatory consecutive 300 months) in regard to Count 10 are **VACATED**. Simpson's motions to expedite a ruling in all other issues raised in his § 2255 motion to vacate is **DENIED** and the Court will address those issues in due course.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE